UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

        Plaintiff,

vs.                              Case No.  2:10-cv-639-FtM-29DNF

WILLIAM P. WISE, Sheriff of DeSoto
County Jail and DESOTO COUNTY HEALTH
DEPARTMENT,

        Defendants.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon initial review of the file. Jamaal Ali Bilal initiated this action by filing a *pro se* Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 on October 15, 2010 (Doc. #1, Complaint). Plaintiff seeks leave to proceed *in forma pauperis* in this action. See Affidavit of Indigency (Doc. #2).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d

1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the named defendant's conduct and the alleged constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).

Plaintiff claims he is being subjected to cruel and unusual punishment in violation of the Fourteenth Amendment. Complaint at 8. In particular, Plaintiff states "upon information and belief, the water supply in the DeSoto County Jail is contaminated at 62% level of TCE."[1] Id. Plaintiff alleges that TCE "shortens human life span" and "causes of all forms of cancer." Id. 8-9. Plaintiff avers that "Defendant Wise and the DeSoto County Health Department knew or should have known that by operating this jail on contaminated water" Plaintiff is "being exposed to cancer inducing TCE." Id. at 9. As relief, Plaintiff requests $300,000 from each Defendant in compensatory damages, $300,000 from each Defendant in punitive damages, as well as attorney fees and "any other relief the Court deems proper and just." Id. at 10.

## II.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks

---

[1]Trichloroethylene is a colorless liquid which is used as a solvent for cleaning metal parts. http://www.epa.gov.

monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Jones v. Bock, 549 U.S. 199, 215-16 (2007); Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001). A complaint need not provide detailed factual allegations, but it must contain "sufficient factual matter" to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully harmed me accusation"

is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d at 1036 n.16. Additionally, the Court may dismiss a case when the allegations in the Complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022.

### III.

The Court need not screen the Complaint pursuant to § 1915A because it is clear that the Complaint is subject to dismissal under 42 U.S.C. § 1997e(a). In particular, the Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added). The exhaustion requirement set forth above is "a precondition to filing an action in federal court." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Although prisoners are not required to plead exhaustion,

Jones v. Bock, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211. Thus, where an affirmative defense is apparent from the face of a complaint, the PLRA continues to require dismissal. Opkala v. Drew, 248 Fed. Appx. 72, 73 (11th Cir. 2007).

Here, Plaintiff admits that he did not avail himself of any of the any administrative processes available within the DeSoto County Jail before filing the instant action. Complaint at 4. Plaintiff explains that he is not required to exhaust his claims because he reads Jones v. Bock as holding that "inmates are not required to exhaust" administrative remedies. Id. Further, Plaintiff asserts that because he is a "civil detainee" he is exempt from the PLRA's exhaustion requirement. Id.

First, as stated above, the United State Supreme Court in Jones v. Bock held that although exhaustion need not be affirmatively pled, "exhaustion is mandatory under the PLRA." Jones, 549 U.S. at 211. Further, despite Plaintiff's previous status as a civil detainee at the FCCC, because Plaintiff is currently being held at the DeSoto County Jail awaiting disposition on pending criminal charges he is subject to the PLRA. 42 U.S.C.

§ 1997e(h).[2] Indeed, Plaintiff admits that he is in jail on "fraudulently manufactured phony criminal charges." Motion to Dispense With Order Regarding 'Prisoner' Consent Form and Financial Certificate (Doc. #6) at 2.

Because it is clear from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to initiating the instant action and because Plaintiff as a pretrial detainee is subject to the PLRA, the Court must dismiss this case. Okpala, 248 Fed. Appx. at 73 (citing Jones v. Bock, 549 U.S. 199, 127 S. Ct. 920-921)(noting that where an affirmative defense bars a claim the PLRA still requires a district court to dismiss the complaint). This dismissal is without prejudice in order that Plaintiff may exhaust his administrative remedies prior to initiating a new action in this Court for his claim, if appropriate.

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's Motion for Leave to Proceed *Informa Pauperis* (Doc. #2) is **DENIED,** and Plaintiff's Complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

---

[2] The PLRA defines "prisoner" as including "any person incarcerated or detained in any facility who is accused of, convicted or, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 42 U.S.C. § 1997e(h).

2.   The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 5th day of November, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record